UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SCOTT HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-cv-00353-JMS-MJD |
| | ) |
| ARAMARK CORRECTIONAL SERVICES, LLC, | ) |
| JASON ENGLISH, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Motion for Summary Judgment**

Plaintiff Scott Hall is an Indiana inmate incarcerated at the Putnamville Correctional Facility ("Putnamville"). He brings this lawsuit pursuant to 42 U.S.C. § 1983 against Aramark Food Services, the company which provides meals at that facility and Jason English, an Aramark employee. Hall states the following claims: that he has not been served nutritionally adequate meals causing him hunger pains and weight loss; (2) that he has been subjected to unsanitary conditions in the dining hall; and (3) that he has been subjected to overly hot dining conditions. Arguing that Hall failed to exhaust his available administrative remedies with respect to these claims before he filed this lawsuit, the defendants move for summary judgment. For the following reasons, the motion for summary judgment, dkt. [27] is **granted**.

**I. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Fed.R.Civ.P.*

56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l–Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

Hall has opposed the motion for summary judgment, but has simply argued that he believes that he "ha[s] followed proper procedures in this matter to the best of [his] ability." Dkt. 31. He has not presented any evidence or filed a statement of material facts in dispute. The consequence of these circumstances is that Hall has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

The Offender Grievance Process is meant to provide a mechanism for every inmate to express complaints and topics of concern, for the efficient and fair resolution of legitimate offender concerns, and for facility and Indiana Department of Correction ("IDOC") management to be better informed and better able to carry out the IDOC's mission and goals. Information on the Offender Grievance Process is included with the Admission & Orientation (A & O) Paperwork for inmates entering Putnamville. A copy of the policy for the Offender Grievance Process is also available to inmates through the Law Library.

The Offender Grievance Process consists of three stages. First, an inmate must attempt to resolve the grievance informally through officials at the facility. Second, if the inmate is unable to obtain a resolution informally, the inmate may submit a formal grievance to the designated staff person. The appropriate form for submitting grievances is available upon request to inmates through their Caseworker or Casework Manager. Third, if the formal grievance is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II) within ten (10) working days from the date of receipt of the grievance response. The Offender Grievance Process is not complete until the inmate completes the appeal process.

Hall did not file any grievances regarding his claims that he was served an inadequate diet from 2014 through 2016. On September 20, 2016, Hall filed grievance 93447. This grievance addressed an alleged bird nest in the French toast and alleged unsanitary conditions in the dining hall. This grievance was responded to on September 26, 2016. Hall filed an appeal of this grievance on October 4, 2016. This appeal was responded to on October 20, 2016. The administrative process with regard to this grievance therefore was not complete until October 20, 2016.

On August 1, 2016, Hall filed a grievance regarding heat in the dining halls. This grievance is identified as grievance 92936. This grievance was responded to on August 22, 2016. On August 29, 2016, Hall filed an appeal of this grievance. On September 19, 2016, the IDOC responded to this grievance. The administrative process with regard to this grievance therefore was not complete until September 19, 2016.

### III. Discussion

The defendants argue that Hall's claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims before he filed this lawsuit. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendants have shown that Hall did not fully exhaust his available administrative remedies as required by the PLRA as to any of his claims before he brought this lawsuit. He did not file any grievances related to his claim that he did not receive a nutritionally adequate diet. With regard to his claims that he was subjected to unsanitary conditions and the dining room was

4

too hot, he did not complete the grievance process until September 19, 2016, and October 20, 2016, respectively. He filed this lawsuit, however, on September 12, 2016.

Hall's one-page response to the motion for summary judgment is insufficient to dispute these facts. It is thus undisputed that Hall failed to exhaust his available administrative remedies with regard to his claims in this case before filing this lawsuit. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004) ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.")(internal citations omitted).

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Hall's claims should not have been brought and must now be dismissed without prejudice. *See Pozo*, 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

The defendants' motion for summary judgment, dkt. [27] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/19/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SCOTT HALL
123603
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com